
FILED
DEC 0 3 2018
Clerk, U.S. District and
Bankruptcy Courts

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

EDWARD THOMAS KENNEDY, )
)
    Plaintiff, )
)
v. ) Civil Action No. 18-2693 (UNA)
)
UNITED STATES DISTRICT COURT FOR THE )
EASTERN DISTRICT OF PENNSYLVANIA, *et al.*, )
)
    Defendants. )

## **MEMORANDUM OPINION**

The plaintiff's claims purportedly arise "in case 5:18-cv-4071 . . . in ECF document 8 titled 'Order' filed September 27, 2018, signed by Defendant Gerald J. Pappert, on behalf of a Court of record, and Defendant Juan R. Sanchez (Chief Judge)[,]" Compl. ¶ 3, filed in the United States District Court for the Eastern District of Pennsylvania. Judge Pappert dismissed the case without prejudice for lack of standing. *See Kennedy v. Commonwealth of Pennsylvania*, Civ. No. 5:18-cv-4071 (E.D. Pa. Sept. 27, 2018). The plaintiff sues Chief Judge Sanchez, Judge Pappert and the court itself, Compl. ¶¶ 3-4, for various injuries for which the plaintiff demands monetary damages, *see id.* ¶¶ 13-14, 47-18, 56, among other relief.

Chief Judge Sanchez and Judge Pappert enjoy absolute immunity from liability for damages for acts taken in their judicial capacities. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"). Without question, a judge's dismissal of a civil action is an action taken in his judicial capacity. *See Burger v. Gerber*, No. 01-5238, 2001 WL 1606283, at *1 (D.C. Cir. Nov. 20, 2001) (per curiam)

(affirming dismissal of claim against United States Tax Court Judge where "[t]he action about which appellant complains – ruling on a motion to dismiss a tax court petition – was well within the judge's judicial capacity"); *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014) (finding that "judge's decision to file or deny a party's motions or requests is an action routinely performed by a judge in the course of litigation, and thus would constitute a judicial act immune from suit"), *aff'd,* No. 14-5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015). Absent any showing by plaintiff that either judge's "actions [were] taken in the complete absence of all jurisdiction," *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (citation omitted), defendants are "immune from damage suits for performance of tasks that are an integral part of the judicial process," *id.* at 1461 (citations omitted).

The Court will grant the plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint. An Order consistent with this Memorandum Opinion is issued separately.

DATE: December 3, 2018

United States District Judge